**STATE of Iowa, Appellee,**

v.

**Henry Walter BUTLER, Appellant.**

No. 86–643.

Supreme Court of Iowa.

Nov. 25, 1987.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., G.A. Cady III, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

Defendant Henry Walter Butler was convicted of second-degree burglary in violation of Iowa Code section 713.5 (1985), and possession of burglar's tools in violation of Iowa Code section 713.7 (1985). He was adjudged an habitual offender on both counts and was given two consecutive 15–year sentences. Defendant claims that the trial court erred in admitting evidence of his past crimes and in allowing separate sentences for the burglary and burglar's tools convictions. We affirm.

A pharmacy in Hampton, Iowa was burglarized at approximately 7:30 p.m. on November 19, 1985. The store was entered by breaking the glass front door. A few minutes after a silent alarm sounded, Gary Lundgren was arrested for the burglary. A search of Lundgren's car revealed a police scanner, a hatchet sheath, prescription drugs for Lundgren and Michael Connors, a road atlas and a book of scanner frequencies. The atlas and scanner book had Connors' fingerprints on them. Approximately one hour later Connors and defendant Butler entered a nearby bowling alley, out of breath, and with their shoes and pants wet. When confronted by police, both men gave false names and falsely denied knowing Lundgren. Defendant had a cut on one finger and was found with two golf gloves that had blood stains and fresh cuts on them.

After apprehending the three suspects, the police found a box containing stolen drugs, a hatchet matching the sheath from Lundgren's car and a number of tools, including a screwdriver and a pair of modified "nippers."[1] Glass fragments were found on Connors' jacket and tread marks on the broken glass at the pharmacy matched the shoes of Connors and defendant. The evidence shows that all three men were acquainted. At trial, defendant denied any involvement in the burglary and his identity as one of the perpetrators became a primary issue.

I. *Evidence of past offenses.* Despite defendant's motion in limine and objection at the time of trial, the State was allowed to present evidence that defendant had been convicted of committing two burglaries in 1978 and possessing burglar's tools in 1983. All of these convictions involved defendant's use or possession of modified nippers similar to those found in the present case. The evidence was offered to establish the identity of the defendant as a perpetrator of the present burglary. Defendant urges that the evidence was irrelevant because the presence of nippers was not such a distinctive circumstance that it linked defendant to the present offense. He further points out that there is great danger in using evidence of other crimes to establish identity, and that the use of such evidence for this purpose is circumscribed.

The issue of admissibility involves consideration of the Iowa Rules of Evidence. As a general rule, proof of prior crimes is inadmissible to show a defendant's guilt at a subsequent trial because it ordinarily is not relevant. *State v. Walsh,* 318 N.W.2d 184, 185 (Iowa 1982); *see* Iowa R.Evid. 404(b). One exception to this rule permits proof of prior crimes where it is relevant to establish a defendant's identity as the perpetrator of the present crime. *Walsh,* 318 N.W.2d at 185; Iowa R.Evid. 404(b). For the exception to apply two things must be established. First, the evidence must be relevant to prove identity, and second, the probative value of the evidence must outweigh the prejudicial effect of showing that defendant has committed other crimes. *State v. Barrett,* 401 N.W. 2d 184, 187 (Iowa 1987); *Walsh,* 318 N.W. 2d at 185. Evidence which meets the relevancy test is prima facie admissible, notwithstanding its tendency to show the accused's bad character. *Barrett,* 401 N.W. 2d at 187.

Evidence is relevant if it tends to make the existence of any fact in issue

---

1. The nippers, a heavy duty tool, also called a pincers, consists of two handles which work on a pivot to open and close the tool's grasping jaws. Normally the jaws come together for cutting or gripping. The modification of this tool involved grinding down the jaws so that they did not come together and could be used to grasp and pull a wider object, such as the housing of a dead bolt lock.

more or less probable. Iowa R.Evid. 401; *see Walsh,* 318 N.W.2d at 185. Where prior crimes evidence is offered to prove identity, the test of relevancy is whether the prior crime and the crime for which defendant is being charged reveal circumstances that are "strikingly similar" or of a "unique nature," such that involvement in the prior crime makes it more likely that defendant was involved in the present crime. *Walsh,* 318 N.W.2d at 185.

In a detailed pretrial ruling on defendant's motion in limine, the trial court determined that the evidence of other crimes was relevant to prove defendant's identity, and that the probative value of the evidence was not outweighed by the potential for unfair prejudice to the defendant. It also overruled objections to the evidence at the time of trial. On appeal, the trial court's ruling on admissibility will not be disturbed unless it constitutes an abuse of discretion. *State v. Spargo,* 364 N.W.2d 203, 209 (Iowa 1985). Our review discloses no such abuse.

■ Defendant denied any involvement in the Hampton burglary. He and his wife testified that they had driven from Minneapolis to Hampton and had gone directly to the bowling alley to meet Connors. This testimony puts in issue defendant's presence at the crime scene.

The evidence of prior burglaries and the possession of burglar's tools all involve a modified nippers similar to the one found with the items taken from the pharmacy. Two officers with over thirty years combined experience testified they had never seen such a tool used in connection with a burglary, except by the defendant. A third officer knew of others who had used the tool, but stated that most of them were accomplices of the defendant. We conclude that the uniqueness of the modified nippers, defendant's near exclusive use of such a tool in the past and the striking similarity between the nippers involved in the prior and present crimes, meet the test of relevancy.

Our conclusion is supported by the fact that the two 1978 burglary convictions shared other similar circumstances with the present case. For example, both prior burglary convictions involved a drug store where drugs were taken and one of them involved use of a hatchet. Sufficient evidence supported the trial court's determination of relevancy and we affirm that determination.

■ We also conclude that the trial court did not abuse its discretion in determining that the danger of prejudice did not outweigh the probative value of the evidence. The evidence was very probative on the issue of identity and the jury was instructed to consider it only for the proper purpose. The evidence was not such that it would inflame the jury and block out a rational determination of guilt or innocence. *See State v. Johnson,* 237 N.W.2d 819, 822 (Iowa 1976).

II. *Separate crimes and sentences.* Defendant urges that the trial court erred in imposing consecutive 15–year sentences for the separate offenses of burglary and possession of burglar's tools. He argues that the possession offense merged into the burglary offense and that it was therefore illegal to enter judgment and sentence on both counts. This argument is based on the notion that possession of burglar's tools is merely an inchoate burglary offense related to burglary in the same way conspiracy is related to the target crime, and that once the substantive crime is committed the inchoate crime is merged into it.

Defendant's contention presents an issue of legislative intent: Did the legislature, in enacting separate burglary and possession of burglar's tools statutes, intend that persons be punished for both? Relying on his merger theory, defendant disputes a legislative intent which would allow double punishment for these two crimes. The State argues that if the legislature had not so intended it would have provided that persons not be punished twice as it did in the case of conspiracy and the target crimes, *see* Iowa Code § 706.4.

■ Because legislative intent is involved, we briefly state the applicable rules of construction. Statutory construction is proper when statutes contain ambiguities so that reasonable minds may be uncertain

as to their meanings. *State v. Blood,* 360 N.W.2d 820, 822 (Iowa 1985). When the terms of a statute are explicit, however, a court normally need not resort to rules of statutory construction. *Phillips v. Iowa Dist. Court,* 380 N.W.2d 706, 710 (Iowa 1986). When statutory language appears fairly certain, but adherence to the strict letter of the law leads to injustice, absurdity, or contradictions, we may look to another meaning. *State v. Schlemme,* 301 N.W.2d 721, 723 (Iowa 1981).

In determining whether two separate offenses can be prosecuted and punished out of a single incident, the test is whether each offense requires proof of at least one element which the other does not. *State v. Criswell,* 242 N.W.2d 259, 261 (Iowa 1976). In the present case this test is satisfied on the face of the relevant statutes and so we need not resort to rules of construction. Possession of burglar's tools requires possession of a tool or instrument with intent to use it in a burglary. Iowa Code § 713.7.[2] Burglary does not require the use of any tool or instrument, but does require entry of an occupied structure, which is not an element of the possession of tools offense. Iowa Code § 713.1.[3]

Defendant's merger argument is simply not supported by the language in the statutes. Conspiracy, which defendant used as a comparison, is a crime "separate and distinct" from the target crime, Iowa Code § 706.4, however, plain language prohibits sentencing "for both the conspiracy and for the public offense," *id.* The plain language of the burglary and possession of burglar's tools statutes contains no suggestion that only one penalty is allowed.

We do not believe that we can imply a merger. It is generally recognized that an accused may be convicted and consecutively sentenced for two or more separate and distinct offenses, even though they grow out of the same incident. *Criswell,* 242 N.W.2d at 260; *see* Iowa R.Crim.Pro. 6(1). The convictions in the present case do not involve included offenses requiring a single charge as required in rule 6(1), but are separate and distinct offenses.

Finally, the plain language of the statutes which allows consecutive sentences for separate crimes, growing out of the same incident under the *Criswell* test does not produce such an absurd or unjust result as to cause us to search for another meaning. By enacting separate statutes the legislature addressed separate evils. The burglary statute prohibits the entering of occupied structures with the intent to commit certain crimes, *see* Iowa Code § 713.1, and is aimed at particular conduct at a specific place. Possession of burglar's tools requires only possession of the tools with intent to use them in some burglary at some time. A particular time or place for using the tools need not be shown. *State v. Hobbs,* 252 Iowa 432, 435–37, 107 N.W.2d 238, 240–41 (1961). While the overall intent of both statutes is to prevent burglaries, one is aimed at a specific act of burglary, the other is aimed at the possessor of tools intended for use in any potential burglary. A burglary may well be a one-time act by the person. Acquiring and possessing burglar's tools, with a general intent to use them, suggests a professional burglar rather than a one-time offender. The result produced by the legislation is not absurd or unjust.

In summary, we have examined all of defendant's contentions and find no merit in them.

AFFIRMED.

2. Section 713.7 provides:
> Any person who possesses any key, tool, instrument, device or any explosive, with the intent to use it in the perpetration of a burglary, shall be guilty of possessing burglar's tools. Possessing burglar's tools is a class "C" felony.

3. Section 713.1 provides:

> Any person, having the intent to commit a felony, assault or theft therein, who having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.