**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jeffrey Alan SALKIL, Defendant–Appellant.**

**No. 87–1711.**

Court of Appeals of Iowa.

March 16, 1989.

William L. Wegman, State Public Defender, and James F. Whalen, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and H.J. Pries, Asst. Scott County Atty., for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Defendant-appellant Jeffrey A. Salkil appeals his conviction, following a jury trial, for second-degree burglary and possession of burglar's tools contending the evidence is insufficient to support the convictions. We affirm.

At approximately 2:00 A.M. on August 18, 1987, Davenport officer Kevin Marxen began observing the defendant and another man identified as Scott Jones looking at vehicles in a used car lot. Officer Marxen, with the help of Sergeant Welke and Detective Hutcheson, continued to keep the two men under surveillance for approximately an hour and a half. Officer Marxen and Detective Hutcheson both testified a pattern of behavior developed during which one of the men would walk to the side of the alley and look in a car while the other man would look up and down the street "as a lookout." Officer Marxen testified that during this period he observed both men look in a vehicle, retreat into an alley, and defendant then reapproached the vehicle, cut an antenna wire with a knife, and then took the antenna. They later observed both men stop at a second vehicle, and this time defendant walked into the street and looked up and down the street while Scott Jones stole a stereo equalizer from a car. The two men were followed and arrested soon after getting in their vehicle. The antenna and equalizer were discovered in the trunk of the car. When defendant was searched, Detective Hutcheson found two pairs of pliers, a folding knife, and a crescent wrench in his possession.

Our standard of review on defendant's challenge to the sufficiency of the evidence to support the charges of burglary and possession of burglar's tools is well settled. The verdicts will be upheld where there is substantial evidence to support the charge. *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984).

■ I. Having applied the above principles to the present case, we find there is substantial evidence to support defendant's conviction of the burglary charge. The parties agree defendant's conviction on this charge was under Iowa's aiding and abetting statute which provides persons are punishable as principals whether they directly commit a public offense or aid and abet its commission. Iowa Code § 703.1 (1987). Mr. Jones was the principal in the commission of the burglary, having admitted to breaking into the car and stealing the equalizer with the requisite intent. *See* Iowa Code § 713.1 and 713.5 (1987).

■ When a defendant is accused of aiding and abetting in the commission of a crime in which intent is an element, as here, substantial evidence must be in the record to support a finding the defendant either participated with the intent himself or with knowledge that the principal had the required intent. *State v. Lott,* 255 N.W.2d 105, 109 (Iowa 1977). *State v. Lockheart,* 410 N.W.2d 688, 693 (Iowa App. 1987). Mr. Jones testified defendant did not know he was going to burglarize the car and continued walking up the street while he did so. Two officers testified defendant acted as a "lookout" by standing in the street near the car while Mr. Jones stole the equalizer. Juries are often called upon to reconcile conflicting evidence and judge the credibility of witnesses. *State v. Aldape,* 307 N.W.2d 32, 41 (Iowa 1981); *State v. Robinson,* 288 N.W.2d 337, 341 (Iowa 1980). *See also State v. Lampman,* 342 N.W.2d 77, 81 (Iowa App.1982).

■ The element of intent is rarely capable of direct proof and may be shown by circumstantial evidence. *State v. Delay,*

320 N.W.2d 831, 835 (Iowa 1982). The same can be said for defendant's knowledge of Mr. Jones' intent in this case. We conclude the officers' testimony regarding defendant's behavior while Mr. Jones burglarized the car, the behavior pattern of the two men while being observed, and defendant's theft of the antenna earlier all provide substantial evidence from which the jury could find defendant aided and abetted Mr. Jones in the burglary.

II. The issue as to whether or not substantial evidence exists in the record to support defendant's conviction for possession of burglary tools is a closer question. The elements of the crime the State had to prove are (1) defendant had in his possession a tool, instrument, or device, and (2) defendant had the intent to use such tool, instrument, or device in the commission of a burglary. Iowa Code § 713.7 (1987). Defendant contends there was not sufficient evidence to support a finding he had the requisite intent.

As stated earlier, intent must often be proven by circumstantial evidence which is equally as probative as direct evidence so long as the evidence raises a fair inference of guilt and does more than create speculation, suspicion, or conjecture. *State v. Delay*, 320 N.W.2d 831, 835 (Iowa 1982); *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). Defendant argues that because the ordinary tools found on his person were not used in commission of the burglary and because he had a reasonable explanation for having the tools in his possession, intent to use the tools for a burglary cannot be inferred from the circumstantial evidence in the record.

We disagree. It is not required that intent be proved by direct evidence; intent is seldom so proved. *State v. Furlong*, 216 Iowa 428, 432, 249 N.W. 132, 134 (1933). "Given that criminal intent is rarely susceptible to direct proof, the fact-finder may determine intent by such reasonable inference and deduction as may be drawn from facts proved by evidence in accordance with common experience and observation." *State v. Serr*, 322 N.W.2d 96, 101 (Iowa 1982).

It has been held that a particular time or place for using the tools need not be shown. *State v. Butler*, 415 N.W.2d 634, 637 (Iowa 1987); *State v. Hobbs*, 252 Iowa 432, 435–37, 107 N.W.2d 238, 240–41 (1961). In addition, it is sufficient to show that defendant had a general intent to use tools or implements for a burglarious purpose and the intention as to any particular time or place of using the same is not material. *Id.* 107 N.W.2d at 241.

We conclude that sufficient evidence does exist in the record from which the jury could have found defendant guilty of possession of burglar's tools. The defendant's possession of the tools was subject to explanation and contradiction. The defendant had his opportunity in this respect. The credence to be given to explanations or denial was a question for the jury. *State v. Furlong*, 216 Iowa 428, 249 N.W. 132 (1933).

The testimony relating to the men's behavior of "checking out" cars and acting as "look-out" for approximately one and a half hours in the early morning hours, together with defendant's use of the knife to steal the antenna, and commission of the burglary is substantial evidence from which a jury could reasonably infer defendant had the requisite intent to use the tools to commit a burglary. The verdicts and sentences of the defendant are affirmed.

AFFIRMED.