# IN THE COURT OF APPEALS OF IOWA

No. 15-1252
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID MICHAEL SMITH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

David Smith appeals the sentences imposed on his convictions for domestic abuse assault and willful injury causing bodily injury.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

David Smith was charged with two class "D" felonies—domestic abuse assault, third offense, and willful injury causing bodily injury—after assaulting his live-in girlfriend in April 2015. In exchange for the State's agreement that it would not pursue any habitual offender sentencing enhancement or further criminal charges resulting from the incident,[1] Smith entered *Alford* pleas[2] to the charges and was sentenced to consecutive five-year terms in prison. He now appeals, arguing his sentences are illegal because they violate the Double Jeopardy Clause of the United States Constitution.

A challenge to an illegal sentence may be raised at any time. *See State v. Louisell*, 865 N.W.2d 590, 595 (Iowa 2015). We review illegal sentences for correction of errors at law. *See* Iowa R. App. P. 6.907. However, claims involving an alleged violation of the constitutional protection against double jeopardy are reviewed de novo. *See State v. Clarke*, 475 N.W.2d 193, 194 (Iowa 1991).

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. The Clause protects defendants against multiple prosecutions or multiple punishments for the same offense. *See State v. McKettrick*, 480 N.W.2d 52, 56 (Iowa 1992). A defendant may be convicted of and punished for the same crime

---

[1] As part of the agreement, Smith also agreed he would be found to have violated the terms and conditions of his probation in two misdemeanor matters, his probation would be revoked, and he would receive a sixty-day sentence and given credit for any time served.

[2] An *Alford* plea allows a defendant to maintain innocence while acknowledging that the State has enough evidence to win a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

multiple times if the charges are based on "distinct acts." *See State v. Jacobs*, 607 N.W.2d 679, 688 (Iowa 2000). Therefore, if it is legally impossible to commit domestic abuse assault without also committing willful injury causing bodily injury, or vice versa, Smith may only be punished for both offenses if they arise from separate acts. *See State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995) (holding that where it is impossible to commit the greater offense without also committing the lesser offense, the offenses are the "same" for purposes of double jeopardy analysis). Here, Smith asserts that his convictions are a result of the same act—a single assault of his girlfriend—and therefore violate the Double Jeopardy Clause.

The State does not dispute that Smith pled guilty to two crimes that arose from the same act. Instead, the State responds that Smith was subject to multiple punishments for the single act of assault because the crimes of domestic abuse assault and willful injury were intended to address separate evils. *See State v. Butler*, 415 N.W.2d 634, 637 (Iowa 1987) (stating a defendant may receive multiple punishments for the same act if the crimes for which the defendant is being punished arise under separate statutes that were enacted to address "separate evils"). When the legislature provides separate punishment for each crime, double jeopardy is not violated. *See Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983) ("Where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct . . . , the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."). The test is whether each offense requires proof of at least one element that the

other does not. *See Butler*, 415 N.W.2d at 637. Therefore, if it is legally impossible to commit domestic abuse assault without also committing willful injury causing bodily injury, or vice versa, the offenses merge, and judgment and sentence may be entered on only one offense, while judgment and sentence for the other is vacated. *See* Iowa Code § 701.9 (2015); *State v. Hickman*, 623 N.W.2d 847, 850-52 (Iowa 2001) (describing the legal impossibility test and applying it to merge crimes of first-degree robbery and willful injury); *State v. Muzingo*, No. 99-1064, 2001 WL 23006, at *1 (Iowa Ct. App. Jan. 10, 2001) (concluding Muzingo's convictions for attempted murder, first-degree arson, and willful injury stemming from the single act of placing explosives in his estranged wife's vehicle did not violate double jeopardy protections because "his conduct violated three separately proscribed acts and, hence, are punishable as separate evils"). If it is possible to commit one crime without committing the other, we presume multiple punishments can be assessed. *See State v. Ceretti*, 871 N.W.2d 88, 92 (Iowa 2015); *State v. Taylor*, 596 N.W.2d 55, 57 (Iowa 1999).

In order to convict a defendant of domestic abuse assault, the State must prove that the defendant assaulted a member of the household with the apparent ability to cause bodily injury and that bodily injury resulted. *See* Iowa Code §§ 236.2(2), 708.2A(1), (4). To convict a defendant of willful injury causing bodily injury, the State must prove a defendant assaulted another with the specific intent to cause serious injury and bodily injury was caused. *See id.* § 708.4. Although both crimes require a defendant to commit an assault and cause bodily injury, the charges are not identical. Each charge has at least one element that is not included in the other: domestic abuse assault requires the State prove the

act occurred between household members, while willful injury does not. Likewise, willful injury requires the specific intent to cause serious injury, while domestic abuse assault does not. Because it is possible to commit one crime without committing the other, merger was not required and the Double Jeopardy Clause was not violated. *See State v. Rodriquez*, 636 N.W.2d 234, 247 (Iowa 2001) (noting that because aggravated and serious domestic abuse assault are not included offenses of willful injury, merger was not required).

The sentences imposed on Smith's convictions for domestic abuse assault and willful injury causing bodily injury do not run afoul of constitutional double jeopardy protections. Therefore, his sentences are not illegal, and we affirm.

**AFFIRMED.**