**Jerry L. HORNBECK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74–1481.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Oct. 4, 1974.

Jerry L. Hornbeck, pro se.

Donald J. Stohr, U. S. Atty., and J. Kenneth Lowrie, Sp. Atty., Crim. Div., U. S. Dept. of Justice, St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Jerry L. Hornbeck brings this 28 U. S.C. § 2255 motion seeking to have his sentence for violating three counts of the Federal Firearms Statute, 18 U.S.C. §§ 921 et seq., vacated because the three

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

counts were multiplicious.[1]  The three counts were as follows:

a) interstate transportation of nine firearms by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g);

b) receipt of these same nine firearms by a felon, in violation of 18 U.S.C. § 922(h); and

c) interstate transportation of these same nine firearms knowing that they had been stolen, in violation of 18 U.S.C. § 922(i).

After considering Hornbeck's claims, District Judge James H. Meredith, finding them to be without merit, dismissed Hornbeck's petition.  He now appeals from that dismissal.

Hornbeck received five-year sentences on each count with the sentences on the first two counts to run concurrently while the sentence on the third count was to run consecutively with the sentences on counts one and two.  Hornbeck claims that the three sentences should have been made to run concurrently since the three counts on which he was convicted all arose out of a single incident.

■■ The classic test to be used in determining whether separate offenses can be carved out of a single incident is whether "each of the offenses created requires proof of a different element." Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We believe it is clear that completely different elements of proof are required for count three than are required for counts one and two.  In counts one and two, which carried the concurrent sentences, the Government needed to prove transportation and receipt of firearms *by a felon*.  In count three, which carried the consecutive sentence, the prosecution needed to establish that the individual transporting the firearms knew them to be *stolen*.

■ In determining whether cumulative punishments are allowed for separate aspects of a single transaction we must determine the probable intent of Congress.  *See* Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); United States v. Delay, 500 F.2d 1360 (8th Cir. 1974); United States v. Clements, 471 F.2d 1253 (9th Cir. 1972).

The completely different nature of the element of proof required in count three (knowledge that the weapons had been stolen) negatives any possible implication that Congress did not intend to authorize cumulative punishments for a multi-count violation of § 922.  Transportation of firearms which a felon knows to have been stolen clearly should be considered more serious than an offense involving transportation, possession, and receipt of firearms which are not stolen.

Affirmed.

---

1.  Hornbeck was convicted by a jury on July 25, 1972, on all three counts.  On his direct appeal to this court, we affirmed his conviction pursuant to 8th Cir. R. 14.  United States v. Hornbeck, No. 72–1547 (8th Cir., Mar. 19, 1973).