STATE of Iowa, Appellee,

v.

Jan Walton CRISWELL, Appellant.

No. 57771.

Supreme Court of Iowa.

May 19, 1976.

James C. Dunbar, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., and Daryl E. Roberts, County Atty., for appellee.

Submitted to REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

HARRIS, Justice.

The question is whether the trial court erred by imposing consecutive sentences upon convictions, of two separate offenses, obtained in a single prosecution, charged in a single information, and arising from the same criminal transaction. We affirm the trial court.

The two counts charged defendant with the crimes of robbery with aggravation in violation of § 711.2, The Code, and with assault with intent to commit murder in violation of § 690.6, The Code. The jury returned guilty verdicts on both counts. Defendant was sentenced to serve consecutive sentences of 25 years for his conviction of robbery with aggravation and 30 years for his conviction of assault with intent to commit murder.

■ I. Section 773.36, The Code, provides that as a general rule "[t]he indictment must charge but one offense * *." (This general requirement applies as well to county informations. § 769.13, The Code; *State v. Hunley*, 167 N.W.2d 645 (Iowa 1969).) However an exception to the general rule applies in the present case. Section 773.38, The Code, provides:

"An indictment may charge in separate counts:

"* * * *

"2. A robbery and one or more other indictable offenses committed in connection with said robbery * * *." See *State v. White*, 223 N.W.2d 173, 176 (Iowa 1974).

In addition, under § 773.37, The Code, "[i]n case of compound offenses where in the same transaction more than one offense has been committed, the indictment may charge the several offenses and the defendant may be convicted of any offense included therein." We have suggested a preference for trying multiple " * * * offenses in a single prosecution * * *." *State v. Cook*, 261 Iowa 1341, 1348, 158 N.W.2d 26, 31 (1968).

Defendant's challenge is not directed to the fact of this multiple prosecution on the single information; he seeks rather to contest the authority to impose consecutive sentences for any resulting multiple convictions.

■ We find no merit in defendant's contention. In the absence of some statutory prohibition the prevailing view is to the contrary. We note and approve the following:

"It is generally recognized that if accused * * * is convicted on several counts of an indictment, and each count is for a *separate and distinct offense*, a separate sentence may be pronounced on each count, and the court may pronounce separate and distinct sentences which are cumulative, and are to run consecutively. This is true, even though the several offenses were committed in the course of a single transaction * * *." (Emphasis added.) 24 C.J.S. Criminal Law § 1567(3), pp. 424–428. See *Harris v. United States*, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959); *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Ebeling v. Morgan*, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); *United States v. Holtzman*, 440 F.2d 923, 927 (7 Cir. 1971); *Ekberg v. United States*, 167 F.2d 380, 384 (1 Cir. 1948); *State v.*

*Teutsch,* 80 S.D. 462, 467–468, 126 N.W.2d 112, 115 (S.D.1964); 21 Am.Jur.2d, Criminal Law, § 546, p. 522. Cf. *Pegram v. United States,* 361 F.2d 820, 821 (8 Cir. 1966).

The federal cases do not accord the question constitutional dimensions. *Gore v. United States,* supra, 357 U.S. at 392, 78 S.Ct. at 1284, 2 L.Ed.2d at 1410; *United States v. Clements,* 471 F.2d 1253, 1254–1255 (9 Cir. 1972). Rather they view the question as a matter of statutory interpretation. *Hornbeck v. United States,* 503 F.2d 1029, 1030 (8 Cir. 1974); *United States v. Canty,* 152 U.S.App.D.C. 103, 469 F.2d 114, 127 (1972).

We also view the question as a matter of statutory construction. Iowa statutes allow imposition of consecutive sentences for convictions obtained under the circumstances presented.

II. It is necessary to distinguish the instant case from one in which one count is an included offense of the other. The proposition is often stated as follows:

"The classic test to be used in determining whether separate offenses can be carved out of a single incident is whether 'each of the offenses created requires proof of a different element.' *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). * * *." *Hornbeck,* supra, 503 F.2d at 1030. See *Pereira v. United States,* 347 U.S. 1, 11–12, 74 S.Ct. 358, 364, 98 L.Ed. 435, 446 (1954); *Ebeling v. Morgan,* supra; *United States v. Knight,* 166 U.S.App.D.C. 21, 509 F.2d 354, 362 (1974); *Canty,* supra, 469 F.2d at 127; *Holtzman,* supra, 440 F.2d at 927; *Ekberg,* supra, 167 F.2d at 384; *Teutsch,* supra, 80 S.D. at 468, 126 N.W.2d at 115. See also *Cook,* supra, 261 Iowa at 1346–1347, 158 N.W.2d at 29–30. For a definition of included offenses see generally *Everett v. Brewer,* 215 N.W.2d 244 (Iowa 1974); *State v. Habhab,* 209 N.W.2d 73 (Iowa 1973); and

*State v. Hawkins,* 203 N.W.2d 555 (Iowa 1973).

Also to be distinguished is our holding in *State v. Gilroy,* 199 N.W.2d 63 (Iowa 1972). Gilroy had been convicted of murder in the perpetration of a robbery, premeditated murder, and robbery with aggravation. Gilroy received concurrent sentences of life imprisonment on "each" homicide and not to exceed 25 years for the aggravated robbery. On appeal to this court we set aside the judgment entered upon conviction of premeditated murder. We said " * * * the two sentences imposed as the result of one homicide * * * is double punishment which cannot be allowed to stand. See 21 Am.Jur.2d, Criminal Law, § 546; 24 C.J.S. Criminal Law § 1567(5)." 199 N.W.2d at 68.

In *Gilroy* there was only one homicide. Both first degree murder counts and resulting convictions related to a single offense.

In the instant case it is to be noted robbery with aggravation and assault with intent to commit murder are separate offenses. Neither is included within the other. Assault with intent to commit murder need not be connected with any robbery. Robbery with aggravation needs no actual assault of the victim, but only an intent to use a dangerous weapon if resisted.

There was no error in the imposition of consecutive sentences.

AFFIRMED.