# IN THE COURT OF APPEALS OF IOWA

No. 17-0626
Filed December 20, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STEPHANIE LESHANTI DENISE HARRIS,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

Stephanie Harris appeals the sentence imposed following a guilty plea to two charges. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

The following facts are not disputed. In October 2014, Stephanie Harris was caring for several children, including her cousin's two children, A.B. and M.B. At that time, the children's mother was incarcerated. As a result of Harris's lack of supervision, A.B., a two-year-old girl, fell down the stairs and injured her head. After the fall, the child began having seizures. Harris merely placed frozen food on the bump on the child's head. Harris did not seek medical attention for the child until six days later. The child ultimately died. The child's sibling, M.B., a four-year-old boy, suffered a bodily injury while in Harris's care. Again, Harris did not facilitate medical treatment for the child for six days.

The State initially charged Harris with child endangerment resulting in death as to A.B. The State subsequently amended the trial information to include two additional counts: child endangerment resulting in serious injury as to A.B. and child endangerment resulting in bodily injury as to M.B. *See* Iowa Code § 726.6(1)(d), (5), (6) (2014). The State agreed to dismiss the first count in return for Harris's guilty plea to counts two and three. The plea agreement left open whether the sentences on the respective offenses would run consecutively or concurrently. Harris ultimately pled guilty to both charges. At the sentencing hearing, the State requested Harris's sentences run consecutively, given the fact that two separate children were injured. Harris, noting her "intellectual disability that is mild" and the fact that the charges stemmed from "one night," requested her sentences run concurrently.

The district court sentenced Harris to, among other things, ten years of imprisonment on the charge relating to A.B. and five years of imprisonment on

the charge relating to M.B. The court ordered the sentences to run consecutively.

Harris appeals. She contends, the district court failed to consider the mitigating circumstances that she (1) suffers from a mental impairment and (2) has "no criminal history beyond traffic tickets and one resisting a police officer conviction," and the district court therefore abused its discretion in ordering her sentences to run consecutively. She also contends the sentencing court's consideration of A.B.'s death was improper.

When a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (quoting *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015)). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

"If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Iowa Code § 901.8; *accord State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976). A sentencing court must state its rationale for imposing consecutive sentences and, "[a]lthough the reasons do not need to be detailed, they must be sufficient to allow appellate review of the

discretionary action." *State v. Keopasaeuth*, 645 N.W.2d 637, 641 (Iowa 2002).

A sentencing court is also required "to consider any mitigating circumstances

relating to a defendant." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998); *see*

Iowa Code § 901.3(1)(g).

In choosing to impose consecutive sentences, the district court stated:

> In doing this, I look at the seriousness of the crime, the effect that this crime has upon members of our community, your willingness to accept change and treatment and what we have available to assist you in that regard.
>
> . . . . I always do look at the least restrictive alternatives first before moving on to more restrictive alternatives.
>
> I have reviewed your entire presentence investigation report. I actually took time to review your entire file this morning based on the seriousness of these charges and the mental health issues that I know you have suffered from. I've not given any consideration to any entries in your criminal history section that do not show an admission or adjudication of guilt.
>
> Ms. Harris, as I stated under count 2, it's a forcible felony. It's mandatory that I sentence you to 10 years in prison on that count. The real fighting issue here is whether count 3 would be consecutive to count 2, in other words, will it be a total of 15 years or will it just be 10.
>
> It's obvious that you've had some substance abuse issues, that you have intellectual and mental health issues, and that you've already spent 212 days in jail. I've considered all those on your side on the positive ledger.
>
> But on the negative ledger, it's just the atrocity of these crimes and the needlessness of these crimes. I do not find it to be an excuse – I understand having six children with a seventh on the way is a daunting task for anybody, but nonetheless you had an obligation to those children.
>
> And when I think of all the things the law is to protect, I think protecting children should be first and foremost on that list. And in this case, your actions resulted in serious injury to a child and that child eventually died. You also had a second child in your care that suffered bodily injury. These are two distinct children with two distinct injuries. You're responsible for both.
>
> . . . .
>
> In this case, Ms. Harris, the Court finds that consecutive sentences are warranted. The reason for the consecutive sentences are that we have two separate victims here who suffered

> separate and distinct injuries, one that resulted in serious injury that culminated in death and the other that sustained bodily injury.
>
> Additionally, I believe the need to protect the children and protect the community is the best way to deter this – the best way to do that is to deter this conduct from others by imposing this sentence upon you. I also believe it will give you an opportunity to maximize your own personal rehabilitation.

The foregoing makes clear the sentencing court considered the mitigating circumstances Harris complains it did not. The court expressly considered Harris's intellectual disabilities and noted it placed them "on [her] side on the positive ledger." The court also made clear that it reviewed Harris's "entire presentence investigation report" and, specifically, its "criminal history section," while ignoring "any entries . . . that do not show an admission or adjudication of guilt." The court weighed these mitigating circumstances against the aggravating circumstances in deciding to impose consecutive sentences. We find no abuse of discretion in this determination.

Harris additionally complains the sentencing court considered the fact that one of the children ultimately passed away and, because the child-endangerment-resulting-in-death charge was dismissed, the child's death was an inappropriate sentencing consideration. However, Harris stated in her plea colloquy that A.B., in fact, died as a result of her head injury. She also agreed to the accuracy of the minutes of testimony, which reflected the same. The child's death was admitted to by the defendant and was therefore a proper sentencing consideration. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges *unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses*."

(emphasis added)); *see also State v. Rhode*, 503 N.W.2d 27, 40 (Iowa Ct. App. 1993) ("An injury which is life-threatening, such as an injury which does in fact cause death, is by definition a "serious injury.").

We affirm Harris's sentence.

**AFFIRMED.**