# IN THE COURT OF APPEALS OF IOWA

No. 18-0882
Filed May 15, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS VAN RAWLS JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Heather L. Lauber, District Associate Judge.

        Thomas Rawls Jr. appeals the sentences imposed on his convictions of five criminal counts. **SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Mark C. Smith, State Appellate Defender (until withdrawal), and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

        Considered by Vogel, C.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Thomas Rawls Jr. appeals the sentences imposed on his convictions of five criminal counts.[1] He argues the district court abused its discretion in ordering the prison sentences on all counts to be served consecutively and erred in ordering him to reimburse the State for court-appointed attorney fees as restitution without first properly determining his reasonable ability to pay the same.

The district court ordered the terms of incarceration imposed on each of Rawls's convictions to be served consecutively. Appellate review of a sentencing court's decision to impose consecutive sentences is for an abuse of discretion, which "will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). A decision to impose a sentence authorized by statute "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The law is clear that a sentencing court may impose consecutive sentences when each count is for a separate and distinct offense, even if they arise from the same criminal transaction. *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976); *see* Iowa Code § 901.8 (2017).

Rawls agrees the offenses for which he was sentenced were "'separate' . . . even though some of the offenses were committed in the course of a single transaction." He complains the court's sentencing rationale, that the "offenses were committed at separate times," is inaccurate and the court therefore abused

---

[1] Rawls pled guilty to forgery and second-degree theft in one criminal case; forgery in a second case; and third-offense possession of marijuana and driving while barred as a habitual offender in a third case.

its discretion in imposing consecutive terms of incarceration. As the State points out, however, the court noted this as a consideration in determining probation to be inappropriate, a determination Rawls does not challenge. In enunciating its decision to impose consecutive sentences, the court clarified, "The court finds that due to the separate and serious nature of these offenses and because they were committed while you were on probation, that those sentences should run consecutive to each other . . . ." The court reiterated its rationale in its written sentencing order.

In any event, while it is true that two of the convictions stemmed from a transaction in December 2016, one conviction resulted from conduct in July 2017, and the two remaining convictions were born out of an August 2017 transaction, we do not find the sentencing court's statement that the offenses were committed at separate times to be entirely inaccurate or fatal to the sentence imposed. Rawls committed five separate and distinct crimes on three different days over a period of roughly eight months. Even if all of the crimes had been committed in a single transaction, "Iowa precedent allows consecutive sentences under section 901.8 even when the defendant committed the offenses during a single transaction" and "reconsideration of this principle would have to come from our supreme court." *State v. Fields*, No. 13-1200, 2014 WL 3511841, at *2 (Iowa Ct. App. July 16, 2014). We are unable to say the court acted on grounds clearly untenable or to an extent clearly unreasonable. *See Leckington*, 713 N.W.2d at 216.

Rawls also argues the non-violent nature of his crimes and his criminal history do not support the court's imposition of consecutive sentences. As noted, Rawls committed multiple crimes over an extended period, while on probation. We

find the imposition of consecutive sentences was not an abuse of discretion under these circumstances.

Next, Rawls argues the district court erred in ordering him to reimburse the State for court-appointed attorney fees as restitution without first properly determining his reasonable ability to pay the same. At the sentencing hearing, the court noted the requirement that Rawls pay restitution, but the amount of restitution was unavailable at the time. The court questioned defense counsel concerning his fees for court-appointed representation, and he responded his fees were "within the guidelines." The written sentencing order provided the following:

> Pursuant to Iowa Code Section 815.9(5), if defendant is receiving court-appointed legal assistance, the court finds upon inquiry, review of the case file and any other information provided by the parties, defendant has the reasonable ability to pay restitution of fees and costs in the amount approved by the State Public Defendant or $, whichever is less.

We review restitution orders for legal error. *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). A court can only order restitution for court-appointed attorney fees "to the extent the offender has the reasonable ability to pay." *Id.* at 159. The State argues Rawls's claim is not ripe for appellate review. The State made the same argument in *Albright*,[2] but the court implicitly rejected it by ruling on the issue. Here the court determined Rawls possessed the reasonable ability to pay court-appointed attorney fees as restitution, although the amount for the same was not before the court. "This is contrary to the statutory scheme as outlined in" *Albright*. *See id.* at 162. Consequently, we vacate the portions of the

---

[2] *See* Brief of Appellee, *State v. Albright*, 925 N.W.2d 144 (Iowa 2019) (No. 17-1286), 2018 WL 7890463, at *55–58.

district court's sentencing order concerning restitution and remand the case to the district court to order restitution in a manner consistent with *Albright*.

**SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**