# IN THE COURT OF APPEALS OF IOWA

No. 20-1612
Filed August 18, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TODD MICHAEL SPURGEON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for South Lee County (South), Mark Kruse, Judge.

Todd Spurgeon appeals his sentence imposed following a guilty plea, alleging the district court abused its discretion in improperly weighing sentencing factors and in imposing consecutive sentences. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J. and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Todd Spurgeon appeals the sentence imposed by the district court following his guilty plea to the charge of delivery of methamphetamine in violation of Iowa Code section 124.401(1)(c)(6) (2019), without the initially charged enhancement pursuant to section 124.411. Spurgeon was sentenced to an indeterminate term of incarceration not to exceed ten years, to run consecutively with a sentence imposed following revocation of his probation in a separate case. Spurgeon claims the district court improperly weighed the required sentencing factors and relied too heavily on a single factor, namely, his criminal record. He also argues the district court abused its discretion when ordering his sentences be served consecutively. We find the district court appropriately weighed the required factors when determining Spurgeon's sentence and did not abuse its discretion when imposing consecutive sentences. Accordingly, we affirm.

## I. Background and Proceedings

In December of 2019, Spurgeon delivered five grams or less of methamphetamine to an individual who was a confidential informant working for the Lee County Narcotics Task Force. The confidential informant purchased 1.39 grams of methamphetamine from Spurgeon.

In August of 2020, the State charged Spurgeon with delivery of methamphetamine as a second or subsequent offender, a class "C" felony, in violation of Iowa Code sections 124.401(1)(c)(6) and 124.411. Spurgeon pled guilty to delivery of methamphetamine. He was sentenced to an indeterminate term of incarceration not to exceed ten years. The district court ordered that his

sentence be served consecutively to the sentence imposed as a result of Sturgeon's probation revocation in a separate case. Spurgeon timely appeals.[1]

## II. Standard of Review

Because the sentence is within statutory limits, this court reviews for an abuse of discretion by the district court. *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). Abuse of discretion will only be found where discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). A district court's "ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted).

## III. Analysis

Following a conviction in a criminal proceeding, the sentencing court has discretion within the applicable statutory framework to determine the appropriate sentence. A sentence is imposed following a criminal conviction to give the defendant the maximum opportunity for rehabilitation and to protect the community. Iowa Code § 901.5. When a sentence is not mandatory, the district

---

[1] Under Iowa Code section 814.6(1)(a)(3), direct appeal as a matter of right is prohibited where the defendant has pled guilty except where good cause is established or when the defendant pled guilty to a class "A" felony. There is good cause to "appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). In discussing *Damme*, the Iowa Supreme Court stated: "We held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain." *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020). Because Spurgeon challenges his sentence that was not mandatory or part of his plea bargain, we consider his appeal.

court uses its discretion to determine what sentence to impose and states on the record the reason for doing so. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). In determining the appropriate sentence, the court considers and weighs all pertinent matters. These include,

> [T]he nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

*State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citation omitted). When considering whether to defer judgment, defer sentence, or suspend sentence, the court considers,

> a. The age of the defendant.
> b. The defendant's prior record of convictions and prior record of deferments of judgment if any.
> c. The defendant's employment circumstances.
> d. The defendant's family circumstances.
> e. The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.
> f. The nature of the offense committed.
> g. Such other factors as are appropriate.

Iowa Code § 907.5(1). The sentencing court has the discretion to decide whether to grant probation or impose incarceration. *Thomas*, 547 N.W.2d at 225.

Spurgeon argues the district court abused its discretion by (1) relying on only a single factor in imposing his sentence and (2) ordering his sentence be served consecutively to the sentence in the other case.

**A. Consideration of Sentencing Factors**

Spurgeon first asserts the district court abused its discretion by relying solely on his criminal history to impose a prison sentence. He correctly notes that

a trial court may not base its sentencing decision upon only one factor. *State v. DeWitt*, 426 N.W.2d 678, 680 (Iowa Ct. App. 1988). In imposing Spurgeon's sentence, the district court stated,

> The court has considered all the sentencing provisions provided in Iowa Code chapters 901 and 902. The following sentence is based on my judgment of what will provide the maximum opportunity for your rehabilitation, at the same time protect the community from further offenses by you and others.
> And when I say all the factors, that includes age, family circumstances, job history, the extent of the plea agreement reached in this case. Again, that prior criminal record, family circumstances and so forth.

The court added,

> Again, I think I stated the reasons for the sentence in this case, sir, again, your very lengthy criminal record. You were on probation when this event occurred. You were on run status when this occurred. I mean, this goes way back to the mid '90s that you've been getting into trouble and it's just been constant after that. That includes many, many different offenses, kinds of offenses, stuff that the public should be very concerned about, and I think the protection of the community is paramount at this time. The methamphetamine charge, given your record, given the opportunities to change, is pretty stark in this case. Those are the reasons for the sentence, sir.

The district court considered relevant factors that were required under the applicable statute and precedent. The record established the focus was not solely on Spurgeon's criminal history, as the court considered the maximum opportunity for rehabilitation, protection of the community, age, family circumstances, job history, and additionally considered Spurgeon's prior criminal record.

## B. Consecutive Sentences

Spurgeon next argues that the district court abused its discretion by imposing consecutive sentences. The district court generally has discretion to impose concurrent or consecutive sentences for convictions on separate counts

and must provide reasoning for imposing consecutive sentences. Iowa Code § 901.8; *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976); *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994).

Imposing consecutive sentences relies on a two-prong analysis. Imposition of consecutive sentences is permissible where (1) the offenses are separate and distinct and where (2) the district court provides reasoning for why consecutive sentences are warranted in the particular case. *Criswell*, 242 N.W.2d at 260; *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). Here, the offense is a separate crime from the conviction in Spurgeon's probation revocation proceeding. The court provided its reasoning for the consecutive nature of the sentencing convictions by stating,

> Again, the court considered all the provisions in this case. The original sentence in this case will be imposed. The sentence will run consecutive with [Spurgeon's sentence in another case].
>
> Again, the record in this case, considering your prior record, sir, the fact that this event—you picked up another offense, delivery, after this offense, you absconded from probation, two separate events over a period of time during which you absconded from probation, there was a warrant for your arrest, you knew what to do and you didn't do it. I mean, it just—that is appropriate for this type of offense, given all the factors in this case.
>
> . . . .
>
> In any event, sir, I wish you the best of luck, sir. I hope things work out for you. I don't know how long that time is in today's world, but your attorney is correct, you do need to make some changes and you need to make them soon in your life. You know, this has been going on since the 90's.

The district court did not abuse its discretion in imposing consecutive sentences.

**IV. Conclusion**

We find the district court's sentencing considered appropriate factors and the district court did not abuse its discretion in imposing consecutive sentences. Accordingly, we affirm.

**AFFIRMED.**