# IN THE COURT OF APPEALS OF IOWA

No. 21-0995
Filed April 13, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**HENRY LAMONT MYLES,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.


Henry Myles appeals the imposition of consecutive sentences upon his criminal convictions. **AFFIRMED.**


Jonathan M. Causey of Causey & Ye Law, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by May, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

Henry Myles appeals the imposition of consecutive sentences upon his guilty-plea[1] convictions for third-degree kidnapping and assault while participating in a felony, both as a habitual offender, resulting in dual terms of imprisonment not to exceed fifteen years with mandatory minimums of three years.[2] *See* Iowa Code §§ 902.8, .9(1)(c).

In arguing the district court abused its discretion, Myles initially downplays the circumstances of the crimes, arguing that "this was a drug situation gone bad" and that the crimes were both "part of a continuous act." He also points to his age in comparison to the length of his sentence, contending the court "essentially sentenced him to incarceration equivalent to nearly seventy percent of his life." Primarily though, Myles challenges the presentence investigator's description of him as a "career criminal" and faults the allegedly "skewed, incomplete, and inflammatory" presentence investigation report's failure to discuss his upbringing, family circumstances, and social history as mitigating circumstances.

But Myles offers no meaningful argument as to *how* the court abused its discretion in imposing sentence based on the information before it. He makes no claim the court failed to consider the nature of the offenses, his age, or the mitigating circumstances it was made aware of. The court gave the defense an

---

[1] The State concedes that Myles has "good cause" to appeal because he is challenging the sentences imposed instead of his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

[2] Myles was contemporaneously sentenced on convictions for second-degree burglary and second-degree theft in two other criminal cases. Those sentences were ordered to run concurrently with the consecutive sentences challenged in this appeal.

opportunity to make any additions or corrections to the presentence investigation report, but none were offered concerning the mitigating circumstances Myles now claims were not investigated. Defense counsel did highlight those mitigating circumstances and others in conjunction with the defense's request for the imposition of concurrent sentences. Although the court did not specifically mention every single mitigating factor in reaching its decision, it was not "required to specifically acknowledge each claim of mitigation urged by the defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

It is true the court noted the presentence investigation report's description of Myles as a "career criminal." But the court did not consider that description in isolation without context. Instead, it recited the following excerpt from the report:

> The defendant is a career criminal. His behavior has remained consistent since he was 20 years old. When he is not incarcerated he has continued to commit crimes and buck any attempts at supervision, guidance, or direction. It's worth noting the defendant has had his parole revoked five times while in his 20s. Within the last five years he was twice removed from the department's work release center by U.S. Marshals while on federal parole. He pled guilty to a possession of contraband in a correctional institution . . . two years ago, and was placed on probation with this department. He incurred four new charges before being unsuccessfully discharged from probation 14 months ago. Since then, Mr. Myles has incurred seven new charges, including the three felonies presently before the Court.

Before and after this recitation, the court disavowed from its consideration any criminal acts that were not accompanied by an admission or adjudication of guilt.

As Myles acknowledges, "[i]mposition of consecutive sentences is permissible where (1) the offenses are separate and distinct and where (2) the district court provides reasoning for why consecutive sentences are warranted in the particular case." *State v. Spurgeon*, No. 20-1612, 2021 WL 3661227, at *3

(Iowa Ct. App. Aug. 18, 2021). While Myles suggests the crimes were both "part of a continuous act," consecutive sentences may be imposed on separate convictions even if the "offenses were committed in the course of a single transaction." *State v. Criswell*, 242 N.W.2d 259, 261 (Iowa 1976) (citation omitted).

So we are left with the mandate that the court provide sufficient reasoning for imposing consecutive sentences. *See* Iowa R. Crim. P. 2.23(3)(d); *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The court explained the reasoning for its decision as follows:

> [T]he reason is the long criminal history, the amount of crimes that were committed even after you've been on parole, you've been in prison. You're 42 years old; at some point in time you should know better. And I do think you pose a threat to the community. I do think you have a lot of work to do, but I appreciate the work you've already done.

On our review, we find the district court's explanation sufficient to allow appellate review and justify the imposition of consecutive sentences. *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). We therefore affirm.

**AFFIRMED.**