## IN THE COURT OF APPEALS OF IOWA

No. 22-0154
Filed October 19, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GAY DO HTOO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

Gay Do Htoo appeals from the sentences imposed following his guilty pleas

to third-degree burglary in two separate cases. **AFFIRMED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Gay Do Htoo pled guilty to third-degree burglary in two separate cases. He was on probation for another crime at the time. In a combined sentencing hearing, the district court ordered his probation revoked for the prior crime and sentenced him to two prison terms not exceeding five years, to be served consecutively.

On appeal, Htoo argues the court abused its discretion in declining to grant him "probation with placement at Fort Des Moines," "additional time in jail," or concurrent rather than consecutive sentences.[1] *See State v. Davison*, 973 N.W.2d 276, 280 (Iowa 2022) (setting forth standard of review). He also asserts the sentence amounted to cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *See State v. Sweet*, 879 N.W.2d 811, 816 (Iowa 2016) (reviewing constitutional challenge de novo).

The State responds that Htoo only filed a notice of appeal in one of the cases, depriving us of jurisdiction to consider the second case. We disagree. Although Htoo failed to cite both case numbers in the caption of his notice of appeal, he appealed "from the final order entered in this case . . . and from all adverse rulings and orders inhering therein." The district court filed a single sentencing order covering both cases. Under these circumstances, Htoo's notice of appeal sufficed to confer appellate jurisdiction over both sentences.

Turning to the merits, we begin with the district court's reasons for the sentences. The court stated probation was not a viable option, given Htoo's prior

---

[1] Notwithstanding recent legislation that limits the right of appeal from a guilty plea, a defendant has good cause to appeal a sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

failure on probation. Specifically, the court noted that Htoo "absconded within three months after being placed on probation," "didn't have much communication with his probation officer," and "continued to commit offenses." The court also considered Htoo's age, "the nature of the circumstances of the offenses," and "his connections to the community." In ordering prison time and consecutive sentences, the court cited its obligation to "not only consider the rehabilitation of the defendant but" also "the protection of the public from further criminal activity." We discern no abuse of discretion in the court's sentencing decision.[2]

We turn to Htoo's cruel-and-unusual-punishment claim. He focuses on the "harshness of the penalty" relative to the "gravity of the offense." His argument implicates a "gross disproportionality" claim based on the individual circumstances of the case. *See Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022); *State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012) (stating the threshold inquiry is whether the sentence "leads to an inference of gross disproportionality to [the defendant's] crime"). The supreme court has stated "we owe substantial deference to the penalties the legislature has established for various crimes" and "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry." *Oliver*, 812 N.W.2d at 650. That is particularly true if the defendant is "a recidivist offender," though "unique features of a case can 'converge to generate

---

[2] Htoo quotes *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) for the proposition that a court "may pronounce separate and distinct sentences which are cumulative, and are to run consecutively." He then suggests "[t]his court should reconsider the primacy of *Criswell* and overturn the precedent." We are not at liberty to overrule supreme court precedent. *See Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021) ("This court is not at liberty to anticipatorily overrule Supreme Court precedent any more than lower courts in Iowa are at liberty to anticipatorily overrule this court's precedent.").

a high risk of potential gross disproportionality.'" *Id.* at 651 (quoting *State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009)).

Htoo argues "he was not given the chance to succeed under a more strictly supervised level of probation." But, as the district court underscored, probation did not work for Htoo; he committed two crimes shortly after it was granted in the prior case. Htoo's recidivism together with the absence of unique circumstances lead us to find no inference of gross disproportionality. *See State v. Cabrera*, No. 19-2060, 2021 WL 375121, at *3 (Iowa Ct. App. Feb. 3, 2021) (finding no inference of gross disproportionality where the district court appropriately weighed the gravity of the offense against the severity of the sentence).

"If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Oliver*, 812 N.W.2d at 650 (citation omitted). Additionally, Htoo acknowledges he "does not have the available data for the second and third parts of the [gross-disproportionality] test." We conclude Htoo's sentences did not violate the Eighth Amendment to the United States Constitution. We affirm the imposition of those sentences as well as the decision to impose them consecutively.

**AFFIRMED.**