# IN THE COURT OF APPEALS OF IOWA

No. 22-0344
Filed November 17, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSHUA DEAN GREEN,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.

Defendant appeals the sentences imposed on his criminal convictions.

**AFFIRMED.**

Jessica A. Millage of Flanagan Law Group, PLLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Joshua Green appeals the consecutive sentences imposed on his convictions for multiple crimes,[1] claiming the district court sentenced him to prison "without due consideration of mitigating factors." We review this claim for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Finding none, we affirm.

Over the span of thirteen months, the State charged Green with seven crimes in three separate criminal cases. The trial information in the first case alleged that in February 2020, Green operated two motor vehicles without the owner's consent and while his license was barred. About two months later, Green was charged with two counts of first-degree harassment and witness tampering for posting partially nude photographs of the victim in his first case. In April 2021, Green was charged with tampering with the same witness again.

Green filed written guilty pleas to each of these crimes in exchange for the State's agreement to cap its recommendation for prison at six years. At the sentencing hearing, Green's attorney asked for suspended sentences instead so that Green could "address not only substance abuse, but his mental health issues in the community, consistent with the recommendation of the presentence investigation" report for probation. He highlighted Green's accountability, pointing out he "did literally plead to every charge he's been charged with." And he asserted

---

[1] The parties agree Green has "good cause" to appeal because he is challenging the sentences imposed instead of his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

there had been "no ongoing issues as it relates to this victim as of spring of last year."

The district court considered those mitigating factors but decided to impose a mix of concurrent and consecutive sentences for a total indeterminate prison term of six years, reasoning: "The defendant does have a fairly lengthy record, and as set forth in the presentence investigation [report], the [c]ourt is particularly concerned by the weapons charges that he has, knives and firearms, a history of continued violations. He's on probation, he's been revoked, sent to prison before." The court was concerned by Green's recent conviction for possession of a firearm by a felon—a crime he committed in September 2021 while these cases were pending—along with the serial nature of Green's offenses, which the court considered to be "very serious charges . . . aimed at influencing the judicial process." Green's continued use of illegal substances also concerned the court, with the presentence investigation report disclosing that Green tested positive for methamphetamine and amphetamines in March 2021 and admitted to marijuana use as recently as one month before sentencing.[2] With those factors in mind, the court determined Green needed the "more controlled environment" of prison.

Green argues the "court seemingly gave little weight to the recommendations of the [presentence] [i]nvestigation [report] and what Green needs for rehabilitation to avoid further criminal conduct." But in exercising its sentencing discretion, it is up to the court to determine the weight to place on the

---

[2] Though Green corrected other parts of the presentence investigation report, he did not challenge this portion. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (holding sentencing court was free to consider unchallenged matters in a presentence investigation report).

various considerations. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). The court is not bound by sentencing recommendations in presentence investigation reports. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). "Instead, they are just one of many factors a sentencing court may consider," as the court did here. *State v. Adams*, No. 21-1056, 2022 WL 951062, at *1 (Iowa Ct. App. Mar. 30, 2022). "Though the court did not give the same weight to the factors" Green does on appeal, "the sentence imposed by the court was not based 'on grounds or for reasons clearly untenable,' nor was its choice 'clearly unreasonable' under the circumstances." *State v. Gryp*, No. 18-1132, 2019 WL 719046, at *2 (Iowa Ct. App. Feb. 20, 2019) (citation omitted); *accord Hill*, 878 N.W.2d at 272 (setting out abuse-of-discretion standard).

Green also challenges the reasons the court provided for imposing consecutive sentences, those being "the separate nature of the offenses"; "the facts of the case"; and Green's criminal history. Though the court's reasons were cursory, *see State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000), all were permissible. *See State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) (stating consecutive sentences are appropriate where the offenses are separate); *State v. Eaton*, No. 01-2024, 2002 WL 1842923, at *1 (Iowa Ct. App. Aug. 14, 2002) (finding a defendant's "criminal history and the nature of the crime" were sufficient reasons for consecutive sentences). While Green argues the "separate acts . . . arise out of the same nexus of facts," consecutive sentences may be imposed on separate convictions even if the "offenses were committed in the course of a single transaction." *Criswell*, 242 N.W.2d at 260 (citation omitted). Here, we have

multiple transactions spanning more than one year.  We find no abuse of discretion in the sentences imposed by the court.

**AFFIRMED.**