# IN THE COURT OF APPEALS OF IOWA

No. 22-0490
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW ROBERT KOROCK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.

        A defendant appeals the revocation of his probation and deferred judgment.

**AFFIRMED.**

        Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

In 2018, Matthew Korock pled guilty to burglary in the second degree.[1]  *See* Iowa Code §§ 713.1, 713.5 (2018).  After he pled guilty to the burglary charge but before his April 2019 sentencing hearing, Korock was charged with and pled guilty to driving while barred as a habitual offender.  *See id.* § 321.561.  For both charges, he was given deferred judgments and placed on probation for three years, ending in April 2022.  Faced with a number of probation violations in March 2021, Korock stipulated to having violated the terms of his probation.  After having a number of opportunities to set things right, in a combined probation violation hearing, the district court revoked Korock's probation and deferred judgments and imposed a ten-year prison sentence for the burglary charge and a one-year sentence for driving while barred.  Korock now appeals.

Korock argues the revocation of his deferred judgments and probation and imposition of his sentences[2] violates the constitutional bar against cruel and unusual punishment.  *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").  "We review alleged violations of state or federal constitutional rights de novo."  *State v. Harrison*, 914 N.W.2d 178, 187–88 (Iowa 2018).  A sentence within

---

[1] In his own words at the 2019 sentencing hearing, Korock "broke into [his] ex-girlfriend's apartment and was shouting . . . and then [he] ended up taking some swings at her boyfriend."

[2] Under Iowa Code section 814.6(1)(a)(3) (2022), a defendant does not have the right to appeal "[a] conviction where the defendant has pled guilty" unless "the defendant establishes good cause."  Because Korock is challenging the revocation of his deferred judgment and the subsequent entry of a judgment of conviction and sentence, he has good cause.  *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa  2020).

the statutory limits carries with it a strong presumption in its favor, so an abuse of discretion will not be found unless the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Focusing on Korock's theme that the sentences imposed are cruel and unusual, we note that "[t]he principle that a punishment should be proportionate to the crime is deeply rooted and frequently repeated in common-law jurisprudence," and "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 284, 290 (1983). The Supreme Court of the United States outlined three factors for courts to consider when determining if a sentence is proportionate: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. The first piece of this test—balancing the offense with the penalty—is "sometimes referred to as the threshold test." *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009) (citing *Solem*, 463 U.S. at 292). "If the sentence being reviewed does not 'raise an inference of gross disproportionality,' then the inquiry ends and '[n]o further analysis is required.'" *Dorsey v. State*, 975 N.W.2d 356, 364 (Iowa 2022) (alteration in original) (citation omitted). It takes a "rare case" to cross this threshold and create "an inference of gross disproportionality." *Ewing v. California*, 538 U.S. 11, 30 (2003) (citation omitted); *accord Dorsey*, 975 N.W.2d at 364 ("[T]he prohibition 'gives rise to a "narrow proportionality principle," forbidding only extreme sentences that are significantly disproportionate to the underlying crime.'" (citations omitted)).

Korock cites no authority to support his contention that his is the rare case that could carry him over the threshold, nor any authority toward the second or third prongs of the test were he to do so, as he only argues the sentence is too harsh. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."). So, we consider the issue waived.

Finally, Korock also asks us to overturn *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976), which allows the district court to administer consecutive sentences even if the crimes occurred within a single transaction when the offenses were separate and distinct. But, "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa 1990).

Because Korock has waived his constitutional challenge and we are without authority to overturn supreme court precedent, we affirm.

**AFFIRMED.**