# IN THE COURT OF APPEALS OF IOWA

No. 23-0532
Filed January 10, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LEE BORMANN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Chris Foy, Judge.

A defendant appeals the imposition of consecutive sentences upon his criminal convictions.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

"I'll probably still beat up girls when I get out of jail," said Christopher Bormann in a phone call to a friend while waiting to be sentenced on his convictions for willful injury causing serious injury and third-or-subsequent domestic abuse assault. Laughing, Bormann added: "Nothing's changed it so far" and "some bitches like a good shaking you know what I mean?"

Bormann was convicted of these charges following a bench trial.[1] The court's written verdict found that early one morning in July 2022, Bormann forced his girlfriend "to the ground and kicked her in the ribs, neck, and head multiple times, acting out of anger and jealousy" when he discovered that another man had texted her. He fractured three of her ribs.

At the sentencing hearing, the defense's only request was that the sentences run concurrently. The State, however, requested consecutive sentences, highlighting Bormann's criminal history and status as a repeat offender. The State also played part of the jailhouse phone call quoted above, arguing it showed Bormann's lack of remorse. The friend Bormann was talking to during that call testified on his behalf at the hearing. She said that she did not think Bormann was being serious when he made those statements: "Q. Was he venting? A. Yeah. We both, actually, were, yes."

In announcing its sentencing decision, the court acknowledged "there was a single assault here," and it was not "considering sanctions for multiple assaults." But the court found the victim's injuries and Bormann's criminal history—which

---

[1] The court acquitted him on a separate count of domestic abuse assault by impeding normal breathing or circulation of blood causing bodily injury.

included "several prior assaults"—weighed in favor of a more serious sentence. The court reasoned that history showed Bormann hadn't "learned an acceptable way to deal with anger or frustration." Indeed, during another portion of the call played for the court, Bormann said, "It lets bitches know I will strangle you. Punch you in the face." The court reasoned:

> And you may have been joking in your conversation . . . . The fact that you can be so flippant about assaulting another person, knowing that the conversation is going to be recorded and knowing the extent of the injuries that [the victim] sustained, that . . . certainly does go toward what's going to be necessary for your . . . rehabilitation.

Considering that goal of rehabilitation, along with protection of the community and deterrence, the court concluded Bormann needed "to be in prison for a significant period of time." In reaching that conclusion, the court said: "You've served time in prison already, and it doesn't seem to have had a significant impact on you. And I think ultimately, that's . . . what tips the scales" in favor of consecutive sentences.

Bormann appeals the imposition of consecutive sentences. We review his challenge for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Sentencing decisions "are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted). And "[o]ur task on appeal is not to second-guess" those decisions. *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (citation omitted).

The sum of Bormann's argument against consecutive sentences is:

> The incident was a singular incident and not multiple assaults. The decision to run the sentences consecutively to each other [w]as an

abuse of discretion and the court did not give enough weight to the facts of the case, instead sentencing the defendant to a sever[e] sentence in part because of his perceived negative attitude. The sentence should therefore be vacated.

As to the first point, the court's decision to impose consecutive sentences on convictions stemming from a singular transaction was permissible. *See State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) (noting consecutive sentences may be imposed "even though the several offenses were committed in the course of a single transaction" (citation omitted)); *State v. Olson*, No. 22-1305, 2023 WL 5092217, at *3 (Iowa Ct. App. Aug. 9, 2023) (recognizing ongoing viability of *Criswell*); *see also State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (noting the presumption of sentencing validity can be overcome only by an affirmative showing of reliance on improper factors). So we find no abuse of discretion on that ground.

Bormann's second point—that "the court did not give enough weight to the facts of the case"—is not supported by the record. The court specifically noted that, while this was a single occurrence, the severe injuries suffered by the victim warranted a more serious sentence. Even if the facts of the case took a back seat to other considerations—like Bormann's criminal history, prior chances at rehabilitation, prospects for future rehabilitation, protection of the community, deterrence, and lack of remorse—"[t]he right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). In other words, "the district court enjoys the latitude to place greater importance on one sentencing consideration over others." *State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011).

As for Bormann's complaint that the court's decision was based in part on his "perceived negative attitude," the record does indicate the court considered Bormann's lack of remorse. But this was an appropriate consideration and "highly pertinent to evaluating his need for rehabilitation and his likelihood for reoffending." *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005).

In the end, Bormann is asking us to substitute the district court's judgment call with our own. Because that is not our role, and Bormann has not shown an affirmative abuse of discretion, we affirm. *See State v. Saake*, No. 22-1512, 2023 WL 3088306, at *1 (Iowa Ct. App. Apr. 26, 2023).

**AFFIRMED.**