# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1943
Filed April 15, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Maurice Dontez Daye,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Sarah Crane, Judge.

———————————

**AFFIRMED**

———————————

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., Langholz, J., and Vogel, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Maurice Daye entered an *Alford* plea[1] to ongoing criminal conduct and first-degree theft as a habitual offender for a pattern of burglaries and ATM thefts throughout the Des Moines area. *See* Iowa Code §§ 706A.2(4), 706A.4, 714.2(1), 902.8 (2023). And the district court imposed two consecutive indeterminate prison sentences totaling forty years with a three-year mandatory minimum sentence. After imposing the sentences, but before the sentencing hearing concluded, the court and both attorneys were alerted by the electronic-filing system that the district court clerk had just docketed a motion in arrest of judgment that Daye had filed without the assistance of his counsel a few days before. Daye's counsel and the prosecutor agreed that the court was prohibited from considering the pro se motion because Daye was represented by counsel. And so, the court declined to rule on the motion, closed the hearing, and entered the sentencing order that it pronounced.

On appeal, Daye challenges his conviction, arguing that the court erred in failing to consider his pro se motion in arrest of judgment. And he challenges his sentences, arguing that the district court abused its discretion by imposing consecutive prison sentences. But because Daye was represented by counsel when he filed his pro se motion in arrest of judgment, the court properly concluded that Iowa Code section 814.6A prohibited the court from considering the motion. And the court did not abuse its considerable sentencing discretion in deciding to impose consecutive prison sentences. We thus affirm Daye's convictions and sentences.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

## I. Consideration of the Pro Se Motion in Arrest of Judgment

Daye first argues that the district court erred in failing to rule on his pro se motion in arrest of judgment that he filed while represented by counsel. With exceptions not relevant here,[2] "a defendant who is currently represented by counsel shall not file any pro se document, including a . . . motion, in any Iowa court." Iowa Code § 814.6A(1). And "[t]he court shall not consider . . . such pro se filings." *Id.*

Daye's handwritten, pro se motion was dated November 9, 2024, and filed on November 14. The court and the parties received notice that it had been docketed near the end of the sentencing hearing on November 18. And at all these times, Daye was represented by counsel. So under section 814.6A—as Daye's counsel agreed at the sentencing hearing—the court was prohibited from considering the motion. The district court's refusal to rule on the motion was not error.

In contending otherwise, Daye argues that we "should interpret the 'currently represented by counsel' language in section 814.6A to mean that the defendant is represented by counsel who is acting with 'reasonable diligence and promptness in representing' the defendant." And he claims that he was "constructively without counsel" because of his counsel's alleged refusal to file a motion in arrest of judgment. But Daye's proposed interpretation of section 814.6A would rewrite the plain text of the statute to essentially authorize a mini-ineffective-assistance-of-counsel inquiry whenever a pro se filing is made. We see no basis for such an interpretation. Daye's allegations that his counsel refused to file a motion in arrest of

---

[2] The statute does not apply to a "motion seeking disqualification of . . . counsel," "notice of appeal" or "response to a motion to withdraw" from a frivolous appeal. Iowa Code § 814.6A(3).

judgment despite his requests to do so are properly addressed in a postconviction-relief proceeding—not through a prohibited pro se motion in the district court or appellate review of the refusal to consider that motion. *See* Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822."). We thus affirm Daye's convictions.

## II.   Exercise of Discretion to Select Daye's Sentences

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

The district court did not abuse its discretion here. Daye does not point to any unreasonable or untenable grounds of the court's decision. The court summed up its reasons for imposing prison sentences and ordering them to be served consecutively:

> I don't take this lightly, but given the seriousness of offenses that you pled guilty to and the recommendation of the presentence investigation report, and I guess in particular your prior criminal history, I do find that a sentence of incarceration is appropriate, and that the two sentences should be run consecutively to each other given the seriousness of these offenses.

Daye mainly disagrees with the court's weighing of the sentencing factors and the sentence ultimately selected, arguing that remaining in the

community is "[t]he only way for [him] to make a dent in" the "large amount of restitution to be owed" from his financial crimes and highlighting that despite his criminal history, he "paid off nearly $10,000 in restitution" during his most recent term of probation from 2020 to 2022. But such disagreement is insufficient to show an abuse of discretion. *See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently.").

Daye also argues that "the fact that the theft charge is incorporated into ongoing criminal conduct undercuts any argument that these offenses are separate and should be punished consecutively." But we see nothing untenable in the court's reasoning that the seriousness of Daye's conduct justified consecutive sentences. Our supreme court has explained that consecutive sentences may be imposed for "[s]eparate and distinct offense[s]" even if "the several offenses were committed in the course of a single transaction." *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) (cleaned up); *cf. State v. Reed*, 618 N.W.2d 327, 335–37 (Iowa 2000) (rejecting double-jeopardy and merger challenges to punishment for both ongoing-criminal-conduct offense and predicate offense, reasoning that "the legislature intended cumulative punishment"). And among other factors, "the court must consider the nature of the offense" when selecting "the appropriate sentence." *Gordon*, 998 N.W.2d at 862 (cleaned up).

The district court did not abuse its discretion in imposing consecutive prison sentences. We thus affirm Daye's sentences.

**AFFIRMED.**