# IN THE COURT OF APPEALS OF IOWA

No. 23-0083
Filed August 30, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MYCHAEL RICHARD PATTEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Wyatt Peterson,

Judge.

A defendant appeals the sentences imposed on his criminal convictions on

remand for resentencing. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant

Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke and Sheryl Soich,

Assistant Attorneys General, for appellee.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

In January 2021, Mychael Patten was sentenced to a total term of incarceration not to exceed seven years following his guilty pleas to four crimes involving his then-wife and young daughter. On appeal, Patten successfully argued the prosecutor breached the parties' plea agreement to recommend suspended sentences. *See State v. Patten*, 981 N.W.2d 126, 134 (Iowa 2022). The supreme court vacated Patten's sentences and remanded the case to the district court for resentencing before a different judge. *Id.*

On remand, Patten was sentenced to a longer period of incarceration, this time for an indeterminate combined nine years in prison. He appeals, claiming the "district court abused its discretion by failing to consider [his] postconviction rehabilitation, and by basing its decision to impose consecutive sentences solely on the facts and circumstances of the offenses." Finding no affirmative showing of an abuse of discretion, we affirm.

## I. Background Facts and Proceedings

In November 2020, Patten pled guilty to domestic abuse assault by strangulation causing bodily injury, child endangerment, assault with a dangerous weapon, and false imprisonment.[1] The plea agreement called for "a joint recommendation of a suspended sentence on each count, each running consecutive to one another for a total suspended sentence of 10 years,"[2] with

---

[1] Patten did so through a written guilty plea. While count one is a felony, written pleas to felony charges were authorized by order of the supreme court at that time in response to the COVID-19 pandemic. *State v. Smith*, No. 22-1447, 2023 WL 3335993, at *1 n.1 (Iowa Ct. App. May 10, 2023).

[2] This ten-year total would consist of indeterminate terms of five years on count one, a class "D" felony, *see* Iowa Code §§ 708.2A(5), 902.9(1)(e) (2020); two years

probation. A presentence investigation report was prepared and recommended incarceration. The district court sentenced Patten to "an indeterminate combined seven-years' imprisonment, with a one-year suspended sentence to follow." *Id.* at 129. That sentence was overturned by the supreme court on Patten's appeal because the prosecutor breached the plea agreement. *Id.* at 134.

At the December 2022 resentencing hearing, defense counsel's only additions to the presentence investigation report were that Patten "has been incarcerated in the prison system for the last two years and has been a model prisoner" who was about to be released. The prosecutor then recommended suspended sentences consistent with the previously negotiated plea agreement. In support of his recommendation, the prosecutor noted Patten was "certainly not a seasoned offender" and, other than one prior conviction, "has a clean criminal history." The prosecutor also highlighted Patten's service in the military, from which he received an honorable discharge; employability; lack of history with substance abuse; and family supports in the area.

Echoing those comments, defense counsel likewise requested "that the plea agreement be followed, which was a joint recommendation for probation in this matter." Defense counsel spoke at length about Patten's participation in services and rehabilitation efforts while incarcerated, informing the court that Patten

> has participated in all the programming that's necessary. He has had no write-ups. He is actually, as I indicated at the beginning of this sentencing, already been discharged and processed from the

each on counts two and three, both aggravated misdemeanors, *see id.* §§ 708.2(3), 726.6(7), 903.1(2); and one year on count four, a serious misdemeanor, *see id.* §§ 710.7, 903.1(1)(b).

Department of Corrections. His term actually ends December 27th, 2022, so we have 11 days that would be essentially unaccounted for out of his entire sentence, but they've already discharged him, so they're giving him credit for that.

In his statement of allocution, Patten added that he planned to live at a halfway house for veterans once released, where he wanted to complete anger management, life skills, and mental-health classes.

After asking some questions about the circumstances of Patten's crimes, the court explained its sentencing decision as follows:

> The Court has considered all of the sentencing provisions provided for Iowa Code chapters 901 and 902. The following sentence is based upon my judgment of what will provide the maximum opportunity for your rehabilitation, Mr. Patten, and at the same time protect the community from further offenses by you and others.
>
> I have considered the following factors:
>
> Sir, you are employable. You have a high school diploma. You have a limited criminal history prior to this offense. You have served in the Marine Corps, and you report to being honorably discharged, and you reported in the Presentence Investigation Report that you do not have a problem with drugs or alcohol, and there's nothing to indicate otherwise.
>
> On the other side, you were, the Presentence Investigation Report shows, on probation for another offense while this—when this occurred; however, I do note that the Presentence Investigation Report indicates that your probation officer stated that you had had no violations pending before this event.
>
> The circumstances of the offense have also been considered. They are violent in nature, and they are very disturbing. When I say that, the circumstances of the offense, what I'm referring to is I'm looking at the factual basis provided in the written guilty plea as they match up with the Minutes of Testimony as described, and so that's why I wanted to clarify a couple of those things. I realize you take an issue with the length of time perhaps that's been described. That's not necessarily a fact that is involved in the plea of guilty, but that's why I wanted to ask about that question.
>
> I've also taken into consideration the recommended sentence by the State, by the defendant, and the recommended sentence by the Department of Correctional Services.

Based on these considerations, the court imposed indeterminate terms of imprisonment of five years for the domestic-assault count, two years for the child-endangerment count, two years for the assault-with-a-dangerous-weapon count, and one year for the false-imprisonment count. The court ordered the sentences on the first three counts to be served consecutively, with the sentence for the false-imprisonment count to run concurrently to the sentence on the assault-with-a-dangerous-weapon count, for a total term of imprisonment not to exceed nine years. The court explained:

> The reason that I believe that is appropriate: These circumstances are, again, violent, egregious, inexcusable, awful, and I'm going by what you said in your written plea of guilty as the factual basis for those. There's just no excuse for those circumstances, and the consequences for this type of incident that involved numerous offenses over—even if it was only 30 minutes as opposed to several hours, that's a long time for these types of offense to be occurring, and I think that goes to, again, the circumstances of these offenses and the reason that the consecutive sentences are appropriate for these—these sentences.

The court memorialized its decision in a written sentencing order, from which Patten appealed.[3]

## II. Standard of Review

We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (alteration in

---

[3] Because Patten is challenging his sentence and not his guilty plea, he has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

original) (citation omitted). "On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015*); accord Fomaro*, 638 N.W.2d at 725.

**III.    Analysis**

Patten first claims the court ignored his efforts at rehabilitation before resentencing. He is correct that "[p]ostconviction rehabilitation efforts are included among the other appropriate factors under section 907.5(1)(g) for courts to consider in imposing sentence." *Hopkins*, 860 N.W.2d at 555. Yet this mitigating factor stands as "only one of many relevant factors to consider at resentencing." *Id.* While it is an important consideration, it is not dispositive. *Id.*

Here, the court heard extensive comments from defense counsel about Patten's rehabilitation at prison. Counsel explained incarceration provided Patten with "an opportunity for growth and reflection," as shown by his participation in "their program for mental health, personal growth, and . . . life-skills." And counsel informed the court "the case law is very clear that rehabilitation efforts between the time of the plea and sentencing should be considered."

Patten suggests that the court's failure to mention his rehabilitation efforts means those efforts were not considered. But to overcome the presumption of validity in the court's sentencing decision, Patten must affirmatively show an abuse of discretion or defect in sentencing procedure. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). He has not done so. As Patten points out in his reply brief, he "presented the district court with substantial information about his post-sentencing rehabilitation efforts." The court specifically stated that it

considered the defense's recommendation, which included all that information. Furthermore, Patten frames this consideration as a mitigating sentencing factor, and the court need not specifically acknowledge each such factor. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). To the extent that Patten argues the court abused its discretion and acted out of vindictiveness simply because it imposed a harsher sentence on remand, that presumption does not apply since Patten was sentenced by a different judge, who provided "logical, nonvindictive reasons for the sentence." *See State v. Mitchell*, 670 N.W.2d 416, 424 (Iowa 2003).

Next, Patten argues the court impermissibly considered only the nature and circumstances of the offenses in imposing consecutive sentences. Although the court highlighted the nature of the crimes as a reason for the consecutive sentences, it also noted that "numerous offenses" were involved. So it can't be said that the court based its decision on just one factor. And dual considerations of the "separate and serious nature of the offenses" are sufficient reasons to support the court's decision to impose consecutive sentences. *State v. Jones*, No. 21-0469, 2022 WL 246123, at *1 (Iowa Ct. App. Jan. 27, 2022) (citation omitted); *see also State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) (stating if a defendant is convicted on several counts for "[s]eparate and distinct offense[s]," the court can impose consecutive sentences, even if "the several offenses were committed in the course of a single transaction" (citation omitted)).

Finding no affirmative showing of an abuse of discretion, we affirm.

**AFFIRMED.**